# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

   v.

GARRY LEON TINDALL,

  and

CALVIN DEPRESE PACKARD,

  Defendants.

CASE NO. **2:26 cr 022**

JUDGE **JUDGE SARGUS**

**INDICTMENT**
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(i)
21 U.S.C. § 841(b)(1)(A)(ii)
21 U.S.C. § 841(b)(1)(A)(vi)
21 U.S.C. § 841(b)(1)(A)(viii)
21 U.S.C. § 846
21 U.S.C. § 856(a)(1)
18 U.S.C. § 2
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 924(a)(8)

**FORFEITURE ALLEGATION**

**THE GRAND JURY CHARGES:**

## COUNT ONE
### (Conspiring to Distribute and Possess with the Intent to Distribute a Controlled Substance)

Beginning on an exact date unknown, but at least by in or about January 2025, and continuing until on or about July 31, 2025, in the Southern District of Ohio and elsewhere, the defendants, **GARRY LEON TINDALL** and **CALVIN DEPRESE PACKARD**, did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to distribute and possess with the intent to distribute:

  a.  1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i);

b.  5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii);

c.  400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi);

d.  100 grams or more of a mixture and substance containing a detectable amount of carfentanil, an analogue of N-phenyl-N-[1-(phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, and a Schedule II controlled substance,in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi);

e.  100 grams or more of a mixture and substance containing a detectable amount of para-fluorofentanyl, an analogue of N-phenyl-N-[1-(phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, and a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); and

f.  50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

**All in violation of Title 21, United States Code, Section 846.**

## COUNT TWO
### (Possession of a Controlled Substance with Intent to Distribute)

On or about July 31, 2025, in the Southern District of Ohio, the defendants, **GARRY LEON TINDALL** and **CALVIN DEPRESE PACKARD**, aiding and abetting each other, did knowingly and intentionally possess with the intent to distribute:

a. 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i);

b. 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii);

c. 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi);

d. 100 grams or more of a mixture and substance containing a detectable amount of carfentanil, an analogue of N-phenyl-N-[1-(phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, and a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi);

e. 100 grams or more of a mixture and substance containing a detectable amount of p-fluorofentanyl, an analogue of N-phenyl-N-[1-(phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, and a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi); and

  f. 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

**In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2.**

## COUNT THREE
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about July 31, 2025, in the Southern District of Ohio, the defendants, **GARRY LEON TINDALL** and **CALVIN DEPRESE PACKARD**, did knowingly possess at least one firearm in furtherance of a drug trafficking crime for which each may be prosecuted in a court of the United States, namely knowingly and intentionally possessing a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841, as charged in Count Two of this Indictment, the allegations of which are incorporated here by reference.

**In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i).**

## COUNT FOUR
### (Possession of Firearm by Prohibited Person)

On or about July 31, 2025, in the Southern District of Ohio, the defendant, **GARRY LEON TINDALL**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, that is:

  a. Smith & Wesson, Model M&P 45, .45 ACP caliber, semi-automatic pistol, bearing serial number HUK7646;

  b. Smith & Wesson, Model M&P 9 Shield EZ M2.0, 9x19mm caliber, bearing serial number NHR4472;

  c. Glock GmbH, Model 19, GEN 5, 9 x 19mm caliber, semi-automatic pistol, bearing serial number CCBF429;

      d.        Springfield Armory, Model Hellcat, 9x19mm caliber, semi-automatic pistol, bearing serial number BB523411; and

      e.        Charles Daly, Model PAK-9, 9x19mm caliber, semi-automatic pistol, bearing serial number RON2125765

and each firearm was in and affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).**

## COUNT FIVE
### (Possession of Firearm by Prohibited Person)

On or about July 31, 2025, in the Southern District of Ohio, the defendant, **CALVIN DEPRESE PACKARD**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that is, an Anderson Manufacturing, Model AM-15, 5.56x45mm NATO caliber, semi-automatic rifle, bearing serial number 18074443, and the firearm was in and affecting interstate and foreign commerce.

**In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).**

## COUNT SIX
### (Maintaining a Drug Premises)

Beginning in or about January 2025, and continuing until on or about July 31, 2025, in the Southern District of Ohio, the defendants, **GARRY LEON TINDALL** and **CALVIN DEPRESE PACKARD,** did knowingly lease, rent, use, and maintain a place located at 321 East Capital Street, Apartment 611, Columbus, Ohio, whether permanently or temporarily, for the purpose of manufacturing, distributing, and using any controlled substance.

**In violation of Title 21, United States Code, Section 856(a)(1).**

## FORFEITURE ALLEGATION ONE

Upon conviction of one or more of the offenses set forth in Counts One, Two, and/or Six of this Indictment, the defendants, **GARRY LEON TINDALL** and **CALVIN DEPRESE PACKARD**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to:

a. $60,000.00 in United States currency;

b. $15,207.00 in United States currency;

c. Smith & Wesson, Model M&P 45, .45 ACP caliber, semi-automatic pistol, bearing serial number HUK7646, with any attachments and approximately 8 rounds of ammunition;

d. Smith & Wesson, Model M&P 9 Shield EZ M2.0, 9x19mm caliber, bearing serial number NHR4472, with any attachments and approximately 7 rounds of ammunition;

e. Glock GmbH, Model 19, GEN 5, 9 x 19mm caliber, semi-automatic pistol, bearing serial number CCBF429, with any attachments and approximately 13 rounds of ammunition;

f. Springfield Armory, Model Hellcat, 9x19mm caliber, semi-automatic pistol, bearing serial number BB523411, with any attachments;

g. Charles Daley, Model PAK-9, 9x19mm caliber, semi-automatic pistol, bearing serial number RON2125765, with any attachments;

h. Anderson Manufacturing, Model AM-15, 5.56x45mm NATO caliber, semi-automatic rifle, bearing serial number 18074443, with any attachments; and

i. All associated ammunition.

## FORFEITURE ALLEGATION TWO

Upon conviction of any offense set forth in this Indictment, the defendants, **GARRY LEON TINDALL** and **CALVIN DEPRESE PACKARD**, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearms and associated ammunition listed in Forfeiture Allegation One.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations One and Two, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

*/s Foreperson*
GRAND JURY FOREPERSON

DOMINICK S. GERACE II
United States Attorney
Southern District of Ohio


SHEILA G. LAFFERTY
Assistant United States Attorney